1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN A. RODRIGUEZ, | 1: 05-CV-00573-OWW-SMS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOC. 6) |
| v. | |
| COUNTY OF KINGS, et al., | ORDER DIRECTING PLAINTIFF TO FILE THE FIRST AMENDED COMPLAINT NO LATER THAN TEN DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND ACTION FOR DEFECT IN REMOVAL PROCEDURE (DOC. 6)

FINDINGS AND RECOMMENDATION TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION AND TO REMAND ACTION TO STATE COURT

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. Background

On April 27, 2005, Defendants filed in this Court a notice of removal of the instant action from the Kings County Superior Court. The notice of removal and attached document reveal that the action had been commenced on or about January 24, 2005, and

1

1   Defendants had been served with notice of the action on April 4,

2   2005. The basis of removal was that this Court had original

3   jurisdiction pursuant to 28 U.S.C. § 1331 because the action

4   contained claims pursuant to 42 U.S.C. § 1983. (Notice at 2.)

5       The Defendants include the County of Kings, the Kings County

6   Probation Department, and the Kings County Sheriff's Department,

7   as well as named individuals who are employed by and have

8   positions of authority within the Kings County Sheriff's and

9   Probation departments. The complaint reflects that Plaintiff

10  seeks compensatory and punitive damages for personal injuries

11  sustained when Plaintiff was incarcerated at the Kings County

12  Juvenile Boot Camp. Most of the claims are based on state tort

13  law: some allege negligent conduct (on various theories,

14  including California statutory law) (claims one through three);

15  another asserts intentional infliction of emotional distress

16  (claim seven). There are three claims pursuant to 42 U.S.C. §

17  1983, including intentional or deliberate indifference to

18  Plaintiff's medical needs and failure to protect Plaintiff from

19  conditions posing a substantial risk of serious harm (claims four

20  through six).

21      The case has not been scheduled. No answer has been filed.

22  Defendants filed a motion to dismiss for failure to state a

23  claim, motion for more definite statement, and motion to strike

24  on May 4, 2005; opposing papers were filed by Plaintiff on May

25  27, 2005; and a reply was filed on June 3,2005. By minute order

26  dated June 7, 2005, the hearing on the motion to dismiss was

27  continued from June 13, 2005, to August 1, 2005.

28      The Plaintiff's motions to remand and amend the complaint

                                    2

were filed on May 26, 2005, including the motion itself, a
supporting memorandum, a declaration of Tracy E. Sagle, and a
proposed order. A responsive memorandum and declaration with
exhibits were filed on June 16, 2005. A reply and declaration of
Sagle were filed on June 24, 2005.

By separate order, the hearing set on the motions was
vacated, and the motions to amend and to remand were deemed
submitted for decision and findings and recommendations,
respectively.

II. <u>Motion to Remand Action</u>

A. <u>Magistrate Judge's Jurisdiction to Determine the
Motion</u>

Title 28 U.S.C. § 636(b) provides in pertinent part:

(1) Notwithstanding any provision of law to the contrary--
(A) a judge may designate a magistrate to hear
and determine any pretrial matter pending before
the court, except a motion for injunctive relief,
for judgment on the pleadings, for summary judgment,
to dismiss or quash an indictment or information
made by the defendant, to suppress evidence in a
criminal case, to dismiss or to permit maintenance
of a class action, to dismiss for failure to state
a claim upon which relief may be granted, and to
involuntarily dismiss an action. A judge of the
court may reconsider any pretrial matter under
this subparagraph (A) where it has been shown that
the magistrate's order is clearly erroneous or
contrary to law.
(B) a judge may also designate a magistrate to
conduct hearings, including evidentiary hearings,
and to submit to a judge of the court proposed
findings of fact and recommendations for the
disposition, by a judge of the court, of any
motion excepted in subparagraph (A), of applications
for posttrial relief made by individuals convicted
of criminal offenses and of prisoner petitions
challenging conditions of confinement.

Fed. R. Civ. P. 72 provides in pertinent part:

(a) **Nondispositive Matters.** A magistrate judge to whom
a pretrial matter not dispositive of a claim or defense
of a party is referred to hear and determine shall

promptly conduct such proceedings as are required and
when appropriate enter into the record a written
order setting forth the disposition of the matter.
Within 10 days after being served with a copy of
the magistrate judge's order, a party may serve and
file objections to the order; a party may not
thereafter assign as error a defect in the magistrate
judge's order to which objection was not timely made.
The district judge to whom the case is assigned shall
consider such objections and shall modify or set aside
any portion of the magistrate judge's order found to
be clearly erroneous or contrary to law.

(b) **Dispositive Motions and Prisoner Petitions.** A
magistrate judge assigned without consent of the
parties to hear a pretrial matter dispositive of a
claim or defense of a party or a prisoner petition
challenging the conditions of confinement shall
promptly conduct such proceedings as are required.
A record shall be made of all evidentiary proceedings
before the magistrate judge, and a record may be made
of such other proceedings as the magistrate judge
deems necessary. The magistrate judge shall enter
into the record a recommendation for disposition
of the matter, including proposed findings of fact
when appropriate. The clerk shall forthwith mail
copies to all parties.

The question presented is whether a motion to remand a

proceeding to state court is a nondispositive motion that a

magistrate judge can determine, or a dispositive motion that a

district judge must determine so that a magistrate judge may only

issue findings and recommendations. Some of the circuit courts of

appeals have held that motions to remand are dispositive, and

thus a magistrate judge does not have jurisdiction to determine

such a motion. The reasoning is that although such motions are

not enumerated in § 636(b)(1)(A), they nevertheless are

functionally the equivalent of a motion for involuntary dismissal

because they determine that there will not be a federal forum

available to entertain a particular dispute. <u>Vogel v. U.S. Office</u>

<u>Products Co.</u>, 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack

of decisions from other circuits); <u>First Union Mortgage Corp. v.</u>

4

1  <u>Smith</u>, 229 F.3d 992, 994-97 (10th Cir. 2000); <u>In re U.S.</u>

2  <u>Healthcare</u>, 159 F.3d 142, 145-46 (3d Cir. 1998). The Ninth

3  Circuit has not taken a position on whether or not a Magistrate

4  Judge can rule on a motion to remand an action to state court.

5  Some district courts have taken the position that a motion to

6  remand is not dispositive and thus may be determined by a

7  magistrate judge. <u>See</u> <u>Bearden v. PNS Stores, Inc.</u>, 894 F. Supp.

8  1418, 1419 n. 1 (D. Nev. 1995). The present motion, if granted,

9  will terminate the availability of a federal forum. In an

10  abundance of caution, the Magistrate Judge will thus proceed by

11  way of findings and recommendations.

12      B. <u>The Motion</u>

13      Title 28 U.S.C. § 1446(a) mandates that a "defendant or

14  defendants" desiring to remove any civil action from a state

15  court to file in the district court a notice of removal and

16  copies of the papers filed upon "such defendant or defendants in

17  such action."

18      It is established that all defendants must join in the

19  removal of an action, or the removal is procedurally defective.

20  <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232-33 (9th Cir. 1986).

21  This has been interpreted to mean that there be "some timely

22  filed written indication from each served defendant, or from some

23  person or entity purporting to formally act on its behalf in this

24  respect and to have the authority to do so, that it has actually

25  consented to such action." <u>Gillis v. Louisiana</u>, 294 F.3d 755, 759

26  (5th Cir. 2002); <u>Foley v. Allied Interstate, Inc.</u>, 312 F.Supp.2d

27  1279, 1283 (C.D.Cal. 2004) (citing <u>Getty Oil Corp. v. Ins. Co. of</u>

28  <u>North America</u>, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988), and

5

1  holding that consent by a corporate party's general counsel held
2  sufficient even where the party had retained separate counsel);
3  Simpson v. Union Pacific R.R. Co., 282 F.Supp.2d 1151, 1153-54
4  (N.D.Cal. 2003) (holding that a signed letter from co-defendant's
5  counsel was sufficient where the letter was ultimately filed with
6  the Court).

7      Here, the Defendants' notice of removal was filed by counsel
8  who described themselves as "Attorneys for Defendants, COUNTY OF
9  KINGS, et al." (Notice of Removal at 1.) The notice states,
10 "Defendants, COUNTY OF KINGS, et al, hereby give notice of the
11 removal...." (Id.) It refers to the notice of removal having been
12 filed by  "the defendants" (id. at 2); and it refers to the
13 "Defendants" as having been served with notice of the action when
14 the "public entity defendants were served with a copy of the
15 complaint," (id.). The notice was signed by James D. Weakley of
16 Weakley, Ratliff, Arendt & McGuire, LLP, as "James D. Weakley,
17 Attorneys for Defendants." (Id.) The declaration of attorney
18 Leslie M. Dillahunty, submitted in opposition to the motion to
19 amend and remand, notes that the Defendants' motion to dismiss
20 the complaint was electronically filed with this Court and that
21 notice thereof was received from the Court with an indication
22 that the motions had been filed on behalf of all defendants named
23 in the complaint.

24     The Court concludes that there is no ambiguity in the notice
25 of remand, and there is no basis for an inference that
26 Defendants' counsel does not constitute the authorized
27 representative of the Defendants in this action. The Court
28 concludes that all defendants joined in the removal of the case.

6

1    Accordingly, it will be recommended that Plaintiff's motion

2 to remand the action based on the failure of all defendants to

3 join in the removal be denied.

4    III. <u>Motion to Amend the Complaint</u>

5    Plaintiff moves to amend the complaint in the following

6 respects: 1) remove the fourth through sixth claims for civil

7 rights violations; 2) combine the first and third claims for

8 negligence as one common law negligence claim; 3) renumber the

9 second claim as the seventh claim; 4) state three claims (first,

10 third, and fifth) for common law negligence against the

11 individual defendants; 5) state three claims for negligence in

12 the course of employment against entities and individuals

13 pursuant to Cal. Govt. Code §§ 820 and 815.2; 6) rename the

14 seventh claim as the thirtieth claim; and 7) state numerous

15 claims (eight through twenty-nine) based on alleged violations of

16 the California statutes and the Cal. Code of Regs. governing

17 juvenile facilities and their employees. Review of the proposed

18 amended complaint reveals that the claims based on violations of

19 California regulatory law concern alleged violations of duties

20 arising from state-created regulations regarding staffing,

21 training, supervision, creation of manuals, performance of safety

22 checks, suicide prevention, treatment assessments, counseling

23 services, health services, medical treatment decisions, health

24 care standards, health care monitoring, first aid, emergency

25 services, intake screening, health and medical appraisals, mental

26 health treatment, crisis intervention, suicide hazard avoidance,

27 and juvenile facility design relating to persons in custody, and

28 specifically, minors in custody (claims eight through twenty-

7

1  nine).

2     Plaintiff's counsel declares that pursuant to requests to

3  Defendants pursuant to the California Public Records Act (Cal.

4  Govt. Code § 6250 et seq.), further state and local regulations

5  and laws may be identified that will require further amendments.

6  Plaintiff's counsel declares that she has recently learned of the

7  implication of California and local regulations and standards and

8  their application to juvenile facilities; no discovery has been

9  conducted. All relevant witnesses and parties reside in proximity

10 to the Kings County Superior Court; thus, no inconvenience to the

11 parties or witnesses would result from remanding the matter.

12    Defendants do not oppose the amendment of the complaint.

13 Defendants do request that the Court retain supplemental

14 jurisdiction over the state claims in this matter. In

15 Dillahunty's declaration, it is noted that in her opposition to

16 Defendant's motion to dismiss, Plaintiff's counsel stated that

17 the Kings County Clerk's Office informed Plaintiff's counsel that

18 all judges of the Kings County Superior Court have recused

19 themselves from this matter, and that all hearings and trial

20 would be heard before the Honorable Franklin Jones at the

21 Superior Court for the State of California, County of Fresno.

22 Thus, Defendants argue that the economy of the parties and the

23 interests of justice weigh in favor of the action's proceeding in

24 federal court.

25    Fed. R. Civ. P. 15(a) provides in pertinent part:

26    A party may amend the party's pleading once as a
      matter of course at any time before a responsive
27    pleading is served or, if the pleading is one to which
      no responsive pleading is permitted and the action has
28    not been placed upon the trial calendar, the party

8

1         may so amend it at any time within 20 days after it
2         is served. Otherwise a party may amend the party's
        pleading only by leave of court or by written consent
3         of the adverse party; and leave shall be freely given
        when justice so requires. . . .

4 Although the rule is to be construed liberally, leave to amend is

5 not automatically granted. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d

6 1385, 1387 (9th Cir.1990). In determining whether the Court

7 should exercise its discretion to allow amendments, the following

8 factors should be considered: (1) whether the movant unduly

9 delayed seeking leave to amend, or acted in bad faith or with

10 dilatory motive; (2) whether the party opposing amendment would

11 be unduly prejudiced by the amendment; 3) whether there have been

12 repeated failures to cure, and (4) whether amendment would be

13 futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230

14 (1962).

15      Here, the action has just begun; there has been no discovery

16 or scheduling. There has been no undue delay. No bad faith or

17 dilatory motive appears.

18      Defendants do not oppose amendment. No prejudice has been

19 shown.

20      There is no indication that amendment would be futile.

21 Defendants do not raise any insufficiency of the proposed claims.

22 Further, it appears that the amendments concern state law claims.

23      Therefore, it IS ORDERED that Plaintiff's motion to amend

24 the complaint IS GRANTED. Plaintiff SHALL FILE the proposed

25 amended complaint as the first amended complaint no later than

26 ten days after the date of service of this order.

27      IV. <u>Retention of Supplemental Jurisdiction</u>

28      Defendants ask that this Court retain supplemental

jurisdiction over the action, which after the amendment will contain only state law claims. Defendants argue that Plaintiff has attempted to manipulate the choice of forum; further, because the Kings County judges have recused themselves, it would be incorrect to remand the matter to state court.

Title 28 U.S.C. § 1367 provides in pertinent part:

(a) Except as provided in subsections (b) and (c) or
as expressly provided otherwise by Federal statute,
in any civil action of which the district courts
have original jurisdiction, the district courts shall
have supplemental jurisdiction over all other
claims that are so related to claims in the action
within such original jurisdiction that they form
part of the same case or controversy under Article
III of the United States Constitution. Such supplemental
jurisdiction shall include claims that involve the
joinder or intervention of additional parties.
. . . .
(c) The district courts may decline to exercise
supplemental jurisdiction over a claim under
subsection (a) if--
    (1) the claim raises a novel or complex issue
    of State law,
    (2) the claim substantially predominates over the
    claim or claims over which the district court
    has original jurisdiction,
    (3) the district court has dismissed all claims
    over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are
    other compelling reasons for declining jurisdiction.

In the present case, the § 1983 claims originally pled were properly removed. Plaintiff has now been given leave to file an amended complaint that deletes the federal claims. The remaining state law claims are so related to the previously pled federal claims that they form part of the same case or controversy over which the Court exercised removal jurisdiction and thus appear to fall within § 1367(a). _City of Chicago v. International College of Surgeons_, 522 U.S. 156, 167 (1997).

When in a removed case all federal claims have been

1  dismissed but state law claims remain over which the court has
2  supplemental jurisdiction, the court has the discretion to remand
3  the state law claims to state court, instead of dismissing with
4  prejudice, upon a proper determination that retaining
5  jurisdiction over the case would be inappropriate. Carnegie-
6  Mellon University v. Cohill, 484 U.S. 343, 348-357 (1988)
7  (construing former 28 U.S.C. § 1447(c) and § 1441(c) in light of
8  the court's doctrine of pendent jurisdiction articulated in Mine
9  Workers v. Gibbs, 383 U.S. 715 (1966), which was later
10 substantially codified in amendments to § 1367); see Executive
11 Software v. United States Dist. Ct., 24 F.3d 1545, 1560 (9th Cir.
12 1994)); Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993).
13 Exercise of supplemental jurisdiction is within the discretion of
14 the Court, United Mine Workers of America v.Gibbs, 383 U.S. 715,
15 726 (1966), and will be reviewed for clear error, Imagineering,
16 Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992).
17 Where the federal claims have been dismissed, the Court should
18 consider factors of economy, convenience, fairness, and comity.
19 Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d at 1309; Lee
20 v. City of Beaumont, 12 F.3d at 937. In balancing the factors in
21 the usual case involving dismissal of all federal claims,
22 conservation of judicial resources is a weighty factor that will
23 often indicate that declining to exercise jurisdiction over state
24 law claims will be appropriate. Imagineering, Inc. v. Kiewit
25 Pacific Co., 976 F.2d at 1309. The Court must state reasons for
26 declining to retain supplemental jurisdiction following dismissal
27 of claims over which it had original jurisdiction. Acri v. Varian
28 Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1992).

1    Here, no resources of the Court have been expended other

2 than administrative energy in filing the various papers. The case

3 has been pending for only a short period of time, and discovery

4 has not even begun. Thus, economy would support the Court's

5 declining to exercise jurisdiction.

6    Comity favors declining jurisdiction because only state law

7 questions remain, and it is appropriate that a state court

8 determine and apply the many questions of state law that are

9 raised in the amended complaint. The fact that Plaintiff

10 originally filed federal claims does not necessarily mean that a

11 later but diligent choice of a state forum constitutes

12 manipulative conduct. <u>See</u> <u>Baddie v.Berkeley Farms, Inc.</u>, 64 F.3d

13 487 490-91 (9th Cir. 1995). The fact that some recusal of some

14 state court judges has occurred does not ipso facto render the

15 case appropriate for federal court. There is no showing that a

16 state forum is unavailable or inappropriate.

17    Thus, it will be recommended that the Court decline to

18 exercise supplemental jurisdiction, and that the action be

19 remanded to state court.

20    VI. <u>Recommendations</u>

21    Accordingly, it IS RECOMMENDED that

22    1. The Plaintiff's motion to remand the action to state

23 court because of defective removal BE DENIED; and

24    2. The Court DECLINE to exercise supplemental jurisdiction

25 over the action, which now contains only state law claims; and

26    3. The action BE REMANDED to the Superior Court of the

27 County of Kings.

28    This report and recommendation is submitted to the United

1 States District Court Judge assigned to the case, pursuant to the
2 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
3 Local Rules of Practice for the United States District Court,
4 Eastern District of California. Within thirty (30) days after
5 being served with a copy, any party may file written objections
6 with the Court and serve a copy on all parties. Such a document
7 should be captioned "Objections to Magistrate Judge's Findings
8 and Recommendations." Replies to the objections shall be served
9 and filed within ten (10) court days (plus three days if served
10 by mail) after service of the objections. The Court will then
11 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
12 (b)(1)(C). The parties are advised that failure to file
13 objections within the specified time may waive the right to
14 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
15 1153 (9th Cir. 1991).

16

17 IT IS SO ORDERED.

18 **Dated:    June 28, 2005**                          **/s/ Sandra M. Snyder**
   icido3                                   UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

13