UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTIAN A. RODRIGUEZ, | ) | 1:05-cv-00573 OWW SMS |
| | ) | |
| Plaintiff, | ) | ORDER RE: FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| v. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND ACTION FOR DEFECT IN |
| COUNTY OF KINGS, et al., | ) | REMOVAL PROCEDURE (DOCS. 6, |
| | ) | 22) |
| Defendants. | ) | |
| | ) | ORDER RE: FINDINGS AND |
| | ) | RECOMMENDATION TO DECLINE |
| | | TO EXERCISE SUPPLEMENTAL |
| | | JURISDICTION AND TO REMAND |
| | | ACTION TO STATE COURT (DOC. |
| | | 22) |

    Plaintiff is proceeding with a civil action in this Court.
    On June 29, 2005, the Magistrate Judge filed findings and a recommendation that Plaintiff's motion to remand the action to state court for a defective removal be denied, and findings and a recommendation that the Court decline to exercise supplemental jurisdiction over the action and that the matter be remanded to the Superior Court of the County of Kings.  The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days of the date of service of the order.  Defendants filed timely objections to the findings and

1

recommendations; Plaintiff has filed a reply to Defendants' objections and a request for judicial notice in connection with the reply.  The undersigned has considered the objections, the reply, and the request for judicial notice and has determined there is no need to modify the findings and recommendations based on the points raised in the objections.  Defendants correctly argue that supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction. *Albingia Versicherings AG v. Schenker International Inc.*, 344 F.3d 931, 938-39 (9th Cir. 2003).  A Plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta Surgical Corp., v. National Ass'n of Security Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).  A court's exercise of jurisdiction under 28 U.S.C. § 1367(c) is informed by the "Gibbs" factors: "judicial economy, convenience, fairness, and comity. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

"Supplemental jurisdiction must be asserted," unless one of the four § 1367(c) factors applies and is invoked by the court. *Executive Software v. United States Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994).  Here, by moving to remand the issue as presented to the Magistrate Judge for decision on Findings and Recommendations it is obvious that the Plaintiff is seeking to avoid a federal forum, despite that most prison condition cases concerning the state prison system are litigated in federal courts, as is evidenced by the recusal of the entire Kings County bench from this case and the thousands of state prison conditions cases pending before the federal court.  In reaching her

determination the Magistrate Judge noted that there are no federal claims that remain before the Court.  Neither the Court nor the parties have expended "substantial" time or resources in this case, except in addressing Plaintiff's attempt to avoid the federal forum.  The parties have not engaged in discovery.  The federal claims are not entirely exclusive of elements required to be proved under the state claims.

The Magistrate Judge's reasons for recommending remand are: (1) only state law questions remain and "it is appropriate that a state court determine and apply the many questions of state law that are raised in the amended complaint;" (2) the fact plaintiff originally filed federal claims does not necessarily mean that a later but diligent choice of a state forum constitutes manipulative conduct;" and (3) the fact that some recusal of "some state court judges has occurred does not ipso facto render the case appropriate for federal court."  Without analysis, the Magistrate Judge then concluded there was "no showing that a state forum is unavailable or inappropriate."

The nature of the claims and legal issues underlying the Plaintiff's decedent's suicide, implicate state and federal law regarding immunities, state and federal rules and regulations regarding the operations of detention facilities and penological rules and policies under the auspices of the County of Kings.  In addition to the recusal of the Kings County bench, the potential for concern that Kings County jurors who are taxpayers will ultimately hear and decide the case about the substance and quality of the County-run juvenile boot camp and detention facility.  Although federal qualified immunity and state

3

statutory immunities are not identical, the underlying jurisprudence is similar.  Under the totality of circumstances, the Court cannot find that the determinations made by the Magistrate Judge supporting remand of the case are clearly erroneous.  The Court does not accept that the remand is not manipulative.  It is.  The amendment of the complaint was an intentional action to avoid federal jurisdiction.

In deciding whether to dismiss or remand, the court may consider whether Plaintiff has engaged in "manipulative tactics" after removal in order to get back to state court: "If the plaintiff has attempted to manipulate forum, the court should take his behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988).  The Plaintiff originally chose state court.  The effort to return to the forum of choice is not in bad faith.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), a *de novo* review of the matter has been conducted.  Having carefully reviewed the entire file, including the objections, the report and recommendation are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. That the Findings and Recommendations filed June 29, 2005, are ADOPTED; and

2. Plaintiff's motion to remand the action for defective removal is DENIED; and

1  3.   The Court DECLINES to exercise supplemental
2  jurisdiction over this action for the reasons stated; and
3  4.   The action is ORDERED remanded to the Superior Court of
4  California for the County of Kings.

6  DATED:  August 25, 2005.
7                                           /s/ OLIVER W. WANGER
8                                     _____
                                             Oliver W. Wanger
9                                        UNITED STATES DISTRICT JUDGE
10 rodriguez v. kings order